# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
## Judge Daniel D. Domenico

Case No. 1:19-cv-00348-DDD-NYW

KAROL NAKAMURA,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

---

## ORDER GRANTING SUMMARY JUDGMENT

This breach of contract and bad faith action, in federal court pursuant to its diversity jurisdiction, alleges failure to pay underinsured motorist benefits pursuant to an insurance policy. For the following reasons, the Court **GRANTS** summary judgment in favor of Defendant.

## UNDISPUTED MATERIAL FACTS

**October 31, 2013:** Plaintiff Karol Nakamura was in an automobile accident with Denis Tsimbalist. She sustained an ankle fracture requiring surgery, and she claims she will require future surgery. At the time of the accident, Mr. Tsimbalist was insured under a policy with a $100,000 limit. Following the accident, Ms. Nakamura filed a claim against Mr. Tsimbalist's policy, but she never sued him.

**January 9, 2017:** Ms. Nakamura settled with Mr. Tsimbalist for his policy limit. She received payment on or after January 11, 2017. After the settlement, Ms. Nakamura asserted an underinsured motorist claim against Defendant American Family Mutual Insurance Company.

On December 19, 2018, Ms. Nakamura and American Family participated in mediation to resolve her claim, but they did not reach a settlement.

**January 8, 2019:** Ms. Nakamura filed this lawsuit against American Family (*see* Doc. 3), which was served on January 14, 2019.

## PROCEEDURAL POSTURE

Ms. Nakamura seeks damages for alleged breach of contract and bad faith delay of compensation with respect to her underinsured motorist policy. (Doc. 3.) In its answer, American Family asserted, among other defenses, that Ms. Nakamura's claims are barred (1) by her failure to cooperate, and (2) by the statute of limitations. (Doc. 9, at 10–11; Doc. 31, at 15–16.) On October 8, 2019, one day before the dispositive motions deadline, Ms. Nakamura filed a motion for partial summary judgment in her favor on both of these defenses. (Doc. 47.) American Family did not file a timely dispositive motion but, in its November 5, 2019 response to Ms. Nakumura, it argued that "the undisputed facts show that Ms. Nakamura's claim is barred by the applicable statute of limitations[,] . . . and summary judgment should be entered" in its favor. (Doc. 51, at 19.) The Court construed this response as a counter-motion for summary judgment by American family and, in so doing, permitted both parties additional briefing. (Docs. 56, 57, 63, 65.) The motions are ripe for review.

## DISCUSSION

The purpose of summary judgment to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary judgment is appropriate if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R.

Civ. P. 56(c); *Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008). A fact is material if it could affect the outcome of the suit under the governing law; a dispute of fact is genuine if a rational jury could find for the nonmoving party on the evidence presented. *Id.* If a reasonable juror could not return a verdict for the nonmoving party, summary judgment is proper and there is no need for a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the moving party bears the burden of demonstrating no genuine issue of material fact exists. *Adamson*, 514 F.3d at 1145.

In deciding whether the moving party has carried its burden, courts do not weigh the evidence and instead must view it and draw all reasonable inferences from it in the light most favorable to the nonmoving party. *Adamson*, 514 F.3d at 1145. But neither unsupported conclusory allegations nor mere scintillas of evidence are sufficient to demonstrate a genuine dispute of material fact on summary judgment. *Maxey v. Rest. Concepts II, LLC*, 654 F. Supp. 2d 1284, 1291 (D. Colo. 2009). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, a court may . . . consider the fact undisputed for the purposes of the motion." Fed. R. Civ. P. 56(e)(2).

In diversity cases, federal courts ascertain and apply state law and must defer to the decisions of the controlling state's highest court. *Kokins v. Teleflex, Inc.*, 621 F.3d 1290, 1295 (10th Cir. 2010). Interpreting a statute, the Colorado Supreme Court "give[s] effect to the intent of the General Assembly," looking first to the plain language of the statute to ascertain its meaning, *Build It and They Will Drink, Inc. v. Strauch*, 253 P.3d 302, 304–05 (Colo. 2011), and seeks to promote a "consistent and harmonious effect." *Colo. Common Cause v. Meyer*, 758 P.2d 153, 161 (Colo. 1988).

The relevant statute of limitations requires that an action or arbitration of an "underinsured motorist" insurance claim shall be commenced within three years after the cause of action accrues; except that

> if the underlying bodily injury liability claim against the underinsured motorist is preserved by
>
>> commencing an action against the underinsured motorist
>>
>> or
>>
>> by payment of either the liability claim settlement or judgment
>
> within [three years after the motor vehicle accident], then an action or arbitration of an underinsured motorist claim shall be timely if such action is commenced or such arbitration is demanded within two years after the insured received payment of the settlement or judgment on the underlying bodily injury liability claim. . . .
>
> An uninsured or underinsured motorist cause of action accrues after both the existence of the death, injury, or damage giving rise to the claim and the cause of the death, injury, or damage are known or should have been known by the exercise of reasonable diligence.

Colo. Rev. Stat. § 13-80-107.5(1)(b) and (3) (spacing provided for clarity); *see also* Colo. Rev. Stat. § 13-80-101(1)(n) (stating that "all tort actions for bodily injury or property damage arising out of the use or operation of a motor vehicle . . . shall be commenced within three years" (rearranged)). Thus, as the Colorado Supreme Court has reinforced, the statute provides two ways an injured person may preserve her underinsured motorist claim:

> An action for recovery on either an uninsured or underinsured insurance claim may always be brought within three years of the time both the existence and cause of the death, injury, or damage giving rise to the claim are known or should have been known. § 13-80-107.5(1) and (3).

> In addition, however, if a timely action is commenced against the uninsured or underinsured motorist on the underlying bodily injury liability claim, an action on . . . an underinsured motorist claim may be brought within two years after the insured victim receives payment of the settlement or judgment on the underlying bodily injury liability claim, § 13-80-107.5(1)(b). Further, if the insured victim actually receives payment of a settlement or judgment on his bodily injury liability claim within the time allowed for filing an action against the underinsured motorist on that claim, an action on an underinsured motorist claim may also be brought within two years of that payment, even though an action on the claim was never actually filed.

*Pham v. State Farm Auto. Ins. Co.*, 296 P.3d 1038, 1042 (Colo. 2013) (emphasis omitted).

Ms. Nakamura did not bring her claims within three years after her cause of action accrued, i.e., within three years of the accident. So, her claims against American Family are untimely unless she preserved them by satisfying either of the two statutory conditions that give her more time.

She argues that, because this underinsured motorist lawsuit was filed within two years of the date on which she received payment of the settlement of her underlying bodily injury claim against Mr. Tsimbalist, this action was timely. In other words, she believes that a plaintiff seeking underinsured motorist benefits from her employer is automatically afforded two years from the date she receives payment from the underinsured motorist in which to file an underinsured motorist action. That is not correct. As American Family notes, and the Colorado Supreme Court explained, a plaintiff only receives the benefit of the two additional years if she first satisfies one of the two claim-preservation conditions: (1) commencing an action against the underinsured motorist within three years of the accident; or (2) by receiving payment of either

the liability claim settlement or judgment within three years of the accident.[1]

The accident occurred on October 31, 2013. The statute of limitations for any claim Ms. Nakamura had against Mr. Tsimbalist ran on October 31, 2016, and she never sued him and did not settle with him during that time. She settled with Mr. Tsimbalist on January 9, 2017, when it would have been too late for her to have brought a lawsuit against him. That settlement, therefore, does not trigger the additional two years. *See Pham, supra.* Because Ms. Nakamura neither sued nor settled with Mr. Tsimbalist within three years after the accident, she would have had to file this action by October 31, 2016. She filed on January 8, 2019, more than two years late.

Ms. Nakamura tacitly admits as much, but she submits that "American Family never asserted to [Ms.] Nakamura her claim was denied because it was filed too late. To her detriment, she relied on American Family negotiating her claim in good faith during the two years since she received payment to settle the [Mr.] Tsimbalist claim. Equity should bar American Family from now asserting any statute of limitations defense." (Doc. 57, at 10.) Under Colorado law, a statute of limitations may be equitably tolled where the defendant's wrongful conduct

---

[1] In its surreply, American Family states that the "longest possible statute of limitations an insured can have for a [underinsured motorist benefits] claim is five years after the accident." (Doc. 63, at 4.) That is not correct in all cases. It's possible that such a claim could be brought substantially later if the plaintiff commenced an action against the underinsured motorist within three years, but it took many years for the injured and underinsured to reach a resolution, either via settlement of the lawsuit or by trial and judgment. The plaintiff would then have "two years after the insured received payment of the settlement or judgment" in that action to seek its underinsured motorist benefits.

prevented the plaintiff from asserting his or her claims in a timely manner. *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1096 (Colo. 1996) (collecting cases). The principle underlying equitable tolling in such a circumstance is that a party should not be permitted to benefit from its own wrongdoing. *Id.* at 1096–97.

But that's not the case here. Even were it proper to view American Family's two years of negotiations as disingenuous, the limitations period, as the Court has outlined above, ran before those negotiations ever began. The two years during which Ms. Nakamura negotiated with American Family were all already beyond the statute of limitations. It may have saved everyone time and trouble had American Family raised the timeliness problem before it began discussing the claim with Ms. Nakamura, but its negotiations with her during that period did not prevent the plaintiff from bringing an otherwise timely claim. It was already untimely.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** summary judgment in favor of Defendant and **DENIES** Plaintiff's motion for partial summary judgment (Doc. 47.) This case shall be closed.

Dated: January 29, 2020.   BY THE COURT:

_____
Daniel D. Domenico
United States District Judge